UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN D. JACKSON, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | Case No. 4:07CV856 CDP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Movant Sean D. Jackson brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. I sentenced Jackson to a term of 140 months imprisonment following his plea of guilty to one count of possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1). Case No. 4:04CR448 CDP. The sentence was ordered to run concurrently to a state sentence he was then serving. Jackson appealed, and the United States Court of Appeals for the Eighth Circuit affirmed the sentence. Case No. 05-4304. The United States Supreme Court later denied Jackson's Petition for a Writ of Certiorari.

Jackson initially filed a *pro se* Section 2255 motion. He alleged that he received ineffective assistance of counsel because his lawyer failed to inform him that he might be sentenced as a career offender and because his lawyer failed to raise the government's failure to file a criminal information under 18 U.S.C. §

851.[1]  After filing his initial motion to vacate, Jackson wrote me a letter alleging that Detective Bobby Garrett stole money from him during the execution of the search warrant in the underlying criminal case.  Because Detective Garrett had, in fact, been convicted of similar conduct involving other defendants, I appointed counsel to represent Jackson.  Counsel then filed an amended § 2255 motion, which likewise alleges that Jackson received ineffective assistance of counsel.  The allegations of ineffective assistance in the amended motion are (1) that counsel failed to raise the government's breach of the plea agreement when it argued that he was a career offender under the U.S. Sentencing Guidelines and (2) that counsel failed to raise the Garrett issues in plea negotiations.

Because the government breached the plea agreement by advocating for the application of the career offender provision after agreeing to recommend a lower total offense level, I will grant Jackson's motion.  As relief, I will give Jackson the option to either withdraw his guilty plea or be resentenced by a different judge.  If he chooses resentencing, the government must specifically perform the terms of the plea agreement.

---

[1]The claims related to this § 851 issue were not repeated in the amended motion to vacate.  In any event, based on the drug quantities involved, Jackson faced a 20 year maximum sentence with no mandatory minimum, and there was no statutory enhancement because of his prior convictions.  The prior convictions affected the sentencing guidelines calculation only.

## Background

On August 8, 2005, Jackson entered a plea of guilty to a single-count indictment charging him with possession with intent to distribute cocaine or heroin in violation of 21 U.S.C. 841(a)(1). Jackson faced a maximum statutory penalty of twenty years imprisonment. As part of his plea agreement Jackson agreed to withdraw his pretrial motions and waive any right to challenge the search that lead to the seizure of drugs. The parties made certain "Guidelines Recommendations," including that the base offense level was 20 under U.S.S.G. § 2D1.1 based upon the quantity of 161 grams of cocaine and 13 grams of heroin, and that Jackson had accepted responsibility and so three levels should be deducted under § 3E1.1. The parties disagreed about whether two levels should be added under Section 2D1.1(b)(1) for possession of a dangerous weapon during the offense. Based on these recommendations, and in light of the parties' disagreement about whether Jackson possessed a dangerous weapon during the offense, the parties estimated that the Total Offense Level would be 19 or 17. The parties also recommended that any sentence should be run concurrently with a state sentence that defendant was then serving.

Under "Criminal History," the parties agreed that "[t]he determination of the defendant's Criminal History Category shall be left to the Court after it reviews the Presentence Report." Both parties retained the right to challenge, before

sentencing, the findings of the Presentence Investigation Report (PSR) as to Jackson's criminal history category. The parties recognized that "they may not have addressed or foreseen all the Guidelines provisions applicable" and that "Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration." The plea agreement further acknowledged that the Court would not be bound by these recommendations. At Jackson's guilty plea hearing, I again informed Jackson that the recommendations in the plea agreement were not binding on the Court. I told Jackson that I would wait until I got the PSR before I determined the guidelines range, and that I never promise to follow the recommendations of a plea agreement.

The PSR concluded that Jackson was a career offender. Under Section 4B1.1, a defendant who is considered a "career offender" has a base offense level of 32, rather than the 20 recommended by the parties for Jackson. After deducting three levels for acceptance of responsibility, his offense level was 29. Without the application of the career offender status, Jackson's criminal history category would have been category IV. Application of the career offender provision, Section 4B1.1(b), however, raised his criminal history category to category VI. The resulting guidelines range was 151 to 188 months. Without the application of the career offender provision, the guidelines range (for criminal history category

IV and offense level of 17 or 19) would have been 37-46 months or 46-57 months, depending on whether the additional two levels for possession of a dangerous weapon we assessed.[2]

Jackson filed a written objection to the conclusion that he was a career offender. The government filed a response, arguing that the PSR correctly applied the career offender provisions. At the sentencing hearing, Jackson's counsel argued that the career offender provision should not apply, and, if it is deemed to apply, that it substantially overstates Jackson's criminal history. Jackson's counsel also stated that, during plea negotiations, he did not advise Jackson about the possibility that he would be considered a career offender. Jackson's attorney stated that he advised Jackson in a way that led Jackson to believe that he would not be exposing himself to any imprisonment in addition to the state sentence he was then serving if he pleaded guilty in this case. Jackson's attorney stated that he had discussed the possibility of withdrawing the plea with Jackson, but that he did not have time to have a lengthy discussion about it before sentencing.

At sentencing, the government argued that the plea agreement did not contain any promises as to the application of the career offender provision, that

---

[2]This issue is moot if a defendant is a career offender, and I did not resolve it previously. If defendant opts for resentencing (with the government bound by the terms of the plea agreement), this issue will have to be decided at that time.

Jackson was properly advised of the maximum possible penalty that he faced, and that Jackson should be sentenced as a career offender, as set out in the guidelines. When I asked Jackson if he had any statements to make, Jackson told me that he "didn't plead guilty to being a career offender." At that time, I told him that "I never allow people to stipulate to their criminal history. What you pleaded guilty to was possession with the intent to distribute, and that's what you're being sentenced on. . . . had you gone to trial on this charge and been convicted, you would still be a career offender, and if you pleaded guilty, you would still be a career offender." Jackson stated that he might have "rather gone to trial instead of pleading guilty to an additional amount of time," but when I asked Jackson if he wanted to withdraw his guilty plea, he responded that he did not.

    I adopted the PSR as my findings of fact. I agreed that the two prior offenses that the PSR found to qualify for the career offender provision did, in fact, qualify. Because I agreed, however, that the criminal history category VI overstated Jackson's criminal history, I departed downward and sentenced Jackson as if he had been in criminal history category V. For an offense level of 29 and a criminal history category of V, the guidelines range was 140 to 175 months. I sentenced Jackson to 140 months, at the low end of the range. I informed Jackson that he had a right to appeal this sentence because it did not follow the recommendations in the plea agreement.

Jackson did appeal, and the United States Court of Appeals for the Eighth Circuit affirmed the sentence. The Court held that the prior convictions qualified him as a career offender. It also rejected his argument that I should have warned him during the plea hearing that he might be sentenced as a career offender. The Court of Appeals declined to address the merits of his claim that he received ineffective assistance of counsel.

## Discussion

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotations and citations omitted). However, because the record in front of me conclusively shows that Jackson is entitled to relief, and because the form of that relief is also clear, I find that an evidentiary hearing is unnecessary in this case.

The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient, and fell below an objective standard of reasonableness. *Id*. at 687-88. This showing of deficiency

requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Additionally, a defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Jackson argues that counsel was ineffective for failing to raise and preserve the government's breach of the plea agreement. He also argues that counsel was ineffective in his handling of the plea negotiations and in his advice to Jackson about his options. He argues that had counsel properly advised him about the career offender provisions, he would not have pleaded guilty but instead would have litigated his pretrial motions and raised the allegations about Garrett's improprieties. Because I conclude that counsel was ineffective because he failed to challenge the government's breach of the plea agreement, I need not reach the second claim of ineffectiveness.

Although the plea agreement stated that the Court did not have to follow the parties' recommendations, and although I explained that to Jackson at his plea, the government was bound by its agreement to recommend the sentencing guidelines calculations contained in the agreement. By advocating for the application of the career offender provision, the government breached its agreement to recommend a total offense level of 17 or 19. In *United States v. Fowler*, the Eighth Circuit held

that the government had breached a plea agreement where the agreement recommended a total offense level that did not include application of the career offender provision, but the government advocated for the application of the career offender provision at sentencing. 445 F.3d 1035, 1038 (8th Cir. 2006). *See also United States v. DeWitt*, 366 F.3d 667 (8th Cir. 2004) (government breached plea agreement by arguing for higher drug quantity than agreed to); *United States v. Thompson*, 403 F.3d 1037 (8th Cir. 2005)(government breached plea agreement by arguing for higher base offense level than agreed to).

The plea agreement in *Fowler* is almost identical to the plea agreement here. In *Fowler*, as in the plea agreement here, the parties recommended a base offense level and adjustments and then recommended an estimated total offense level. Both plea agreements provide that the defendant's criminal history category will be left to the Court after reviewing the PSR. Both agreements also include an "Acknowledgment of Effect of Recommendations" which states:

> The parties recognize that they may not have addressed or foreseen all the Guidelines provisions applicable in this case. Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration. The parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document.

Neither the plea agreement in *Fowler* nor the plea agreement here addresses the application of the career offender provision. In *Fowler*, as here, the PSR

recommended that the career offender provision apply. In *Fowler*, as here, the government actively argued in its sentencing memorandum that the career offender provision should apply. The Eighth Circuit held that "the government materially breached its plea agreement by advocating for the imposition of the career-offender enhancement, in spite of its promise to recommend that the district court calculate Fowler's sentence based on an offense level that did not include that enhancement." *Id*. at 1036. The same conclusion must be reached here. *See also United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009); *United States v. E.V.*, 500 F.3d 747, 754 (8th Cir. 2007); *United States v. Mosley*, 505 F.3d 804, 808-09 (8th Cir. 2007).

The government argues that it did not breach the plea agreement because it left the criminal history category open, and neither party agreed to recommend a particular sentence. There are several Eighth Circuit cases that have found that a plea agreement was not breached where the government advocated for the application of the career offender provision, but where that provision was not mentioned in the plea agreement. In all of those cases, however, the plea agreement did not include an "estimated total offense level." *See, e.g. United States v. Parker*, 512 F.3d 1037, 1039 (8th Cir. 2008) (distinguishing *Fowler* and finding that the government did not breach a plea agreement by advocating for the application of the career offender provision, where the parties only agreed to a

base offense level, and did not recommend a total offense level); *United States v. Leach*, 491 F.3d 858, 864-65 (8th Cir. 2007) (same); *United States v. Stobach*, 420 F.3d 796, 801 (8th Cir. 2005) (finding no breach of plea agreement where agreement stated that the estimates of the guidelines calculations did not bind the parties); *United States v. Martinez-Noriega*, 418 F.3d 809, 813 (8th Cir. 2005) (same as *Parker* and *Leach*). Under the reasoning of *Fowler*, I find that the government breached its agreement to recommend a total offense level when it advocated for the application of the career offender provision here.

Counsel was ineffective for failing to raise the breach of the plea agreement. *See United States v. Granados*, 168 F.3d 343, 345-46 (8th Cir. 1999).[3] Counsel's failure to object meant that the issue was not preserved for appeal. *See United States v. Yellow*, 627 F.3d 706 (8th Cir. 2010); *United States v. Selvy*, 619 F.3d 945 (8th Cir. 2010). Of course, counsel also failed to raise the breach on appeal, which is also ineffective assistance.

Where the government breaches a plea agreement, "harmless-error analysis does not apply." *United States v. Mosley*, 505 F.3d 804, 810 (8th Cir. 2007). That is, even if "the government's comments had no effect on the court's sentencing

---

[3]In *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994), the Court held that defense counsel's failure to advise defendant that he might be considered a career offender was not ineffective assistance of counsel, because defendant knew the maximum penalty he faced. That is not the issue here.

decision," where the government has breached the plea agreement, the district court must grant the Section 2255 motion, and allow the movant to either withdraw his guilty plea, or be resentenced by a different judge. *See Brunelle v. United States*, 864 F.2d 64, 65 (8th Cir. 1988) (vacating sentence and remanding for resentencing after district court granted Section 2255 motion but denied movant's request for resentencing, holding that "[w]henever the government breaches a plea agreement with respect to a sentence recommendation . . . a substantive violation has occurred and at the least, resentencing before a different judge is required.") (citing *Santobello v. New York*, 404 U.S. 257, 262-63 (1971)). Here, Jackson alleges, correctly, that the government breached the plea agreement. Jackson argues that his lawyer was ineffective because he failed to address this breach, and did not preserve it for appeal.

Jackson asks, in his amended Section 2255 motion, that I vacate the sentence and resentence him in accordance with the plea agreement. However, Jackson also argues that had counsel properly advised him of the possibility he would be considered a career offender, he would have withdrawn his guilty plea and pursued a trial, armed with his evidence of Garrett's alleged improper actions. Because I agree with Jackson that the government breached its agreement to recommend a total offense level of 17 or 19, I will grant Jackson's Section 2255 motion. As relief, I will allow Jackson to choose between two options: he may

either withdraw his guilty plea or choose to be resentenced by a different judge. At resentencing, if that is the option chosen by Jackson, the government must follow its agreement to recommend a total offense level of either 17 or 19. The government will be required to follow its agreement, but the court, as always, would not be bound by such a recommendation, and may impose any sentence it finds to be warranted under the facts and the law.

Accordingly,

**IT IS HEREBY ORDERED** that Sean D. Jackson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is granted.

A separate judgment will be entered in this case today, and an order will be entered in Criminal Case No. 4:04CR448 CDP vacating the judgment and sentence, and ordering Jackson to file a motion either to withdraw his guilty plea, or for resentencing in front of a different district judge.

                                                       */s/ Catherine D. Perry*
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2011.